IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| DARRYL ELLIS, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Civil Action No. 2:00cv1017-WHA |
| | ) | (WO) |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## RECOMMENDATION OF THE MAGISTRATE JUDGE

Federal inmate Darryl Ellis, proceeding *pro se*, has filed a self-styled "Motion for Relief from Judgment of Sentence Pursuant to Fed.R.Civ.P. Rule 60(d) et al." (Doc. No. 1), by which he challenges the concurrent life sentences imposed by this court on his 1996 convictions for conspiracy to possess with intent to distribute cocaine and cocaine base, in violation of 21 U.S.C. §§ 841(a)(1) & 846, and aiding and abetting the possession with intent to distribute cocaine and cocaine base, in violation of 18 U.S.C. § 2 & 21 U.S.C. § 841(a)(1). For the reasons indicated below, Ellis is not entitled to relief.

## I.  DISCUSSION

Ellis seeks relief through the vehicle of Fed.R.Civ.P. 60(d). "Federal Rule of Civil Procedure 60 provides a basis, but only a limited basis, for a party to seek relief from a final judgment in a habeas case." *Williams v. Chatman*, 510 F.3d 1290, 1293 (11th Cir. 2007). Rule 60, like all Federal Rules of Civil Procedure, applies only to civil actions and proceedings in the United States District Court. *See* Fed.R.Civ.P. 1. Rule 60 provides no vehicle for relief from a

judgment in a criminal case.  *See United States v. Fair*, 326 F.3d 1317 (11th Cir. 2003); *United States v. Mosavi*, 138 F.3d 1365, 1366 (11th Cir. 1998).

When a *pro se* federal inmate brings a motion under Rule 60, the district court may appropriately construe it as a 28 U.S.C. § 2255 motion, and, if applicable, treat it as an unauthorized second or successive motion.  *See Williams*, 510 F.3d at 1293-95.  If construed as a second or successive motion, the district court lacks subject matter jurisdiction on the merits of any claims presented in the motion.  *Id*. at 1295.

In *Gonzalez v. Crosby*, 545 U.S. 524, 531-32 (2005), the United States Supreme Court provided guidance as to how prisoner claims under Rule 60 should be construed.[1]  If the motion seeks to add a new ground for relief from the underlying judgment of conviction or sentence, or otherwise attacks the district court's resolution of any original § 2255 claims on the merits, then the court should construe the Rule 60 motion as a second or successive § 2255 motion and dismiss it accordingly.  *Id*.; *see also Williams*, 510 F.3d at 1293-94.  By contrast, when a Rule 60 motion attacks "not the substance of the federal court's resolution of a claim on the merits, but some defect in the integrity of the federal habeas proceedings," courts should not treat the Rule 60 motion as a successive § 2255 motion.  *Gonzalez*, 545 U.S. at 532-33; *see also Williams*, 510 F.3d at 1294.

---

[1] *Gonzalez* addressed this issue in the context of a 28 U.S.C. § 2254 petition for habeas corpus relief.  However, the Eleventh Circuit recognizes that "the principles developed in habeas cases also apply to § 2255 motions."  *Gay v. United States*, 816 F.2d 614, 616 n.1 (11th Cir. 1987). Moreover, the Eleventh Circuit has stated that the holding and rationale of *Gonzalez* apply equally to § 2255 and § 2254 habeas proceedings.  *See El-Amin v. United States*, 172 Fed. App'x 942, 945 n.3 (11th Cir. 2006); *United States v. Terrell*, 141 Fed. App'x 849, 851 (11th Cir. 2005).

Such motions can be ruled on by the district court without the pre-certification from the court of appeals ordinarily required for a second or successive § 2255 motion.[2]  *Id*. at 538.

It is readily apparent that Ellis's instant motion asserts claims that challenge his sentence rather than any alleged defect in the integrity of a judgment of this court denying a prior application for habeas relief filed by Ellis.  Because Ellis asserts claims challenging the legality of his sentence, he seeks relief that is appropriate only under 28 U.S.C. § 2255.  Regardless of Ellis's own labeling of the instant motion, the court finds that his motion is of the same legal effect as, and should be construed as, a motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255.  *See Gonzalez*, 545 U.S. at 531-32.

Ellis has filed several previous § 2255 motions, or functional § 2255 motions, unsuccessfully challenging his 1996 convictions and sentence.  *See United States v. Ellis*, Case No. 2:95cr174-WHA (Civil Action No. 2:00cv17-WHA), Doc. Nos. 552, 606, and 624; Doc. Nos. 669 and 672; Doc. Nos. 736, 736-1, 745, and 759; *United States v. Ellis*, Civil Action No. 2:06cv12-WHA, Doc. Nos. 1, 2, 4, and 5.  However, Ellis has not received certification from the Eleventh Circuit Court of Appeals authorizing this court to consider a successive § 2255 motion.

A district court lacks the jurisdiction to consider a successive § 2255 motion where the movant fails to obtain permission from the appellate court to file a successive motion.  *See, e.g., Farris v. United States*, 333 F.3d 1211, 1216 (11th Cir. 2003); *Boone v. Secretary, Dept. of*

---

[2] The Antiterrorism and Effective Death Penalty Act ("AEDPA") provides that, to file a second or successive § 2255 motion in the district court, a petitioner must first move in the appropriate court of appeals for an order authorizing the district court to consider the motion.  *See* 28 U.S.C. § 2244(b)(3)(A).  The appellate court, in turn, must certify that the second or successive § 2255 motion contains "(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable."  *See* 28 U.S.C. § 2255(h).

*Corrections*, 377 F.3d 1315, 1317 (11th Cir. 2004). Accordingly, this court lacks the jurisdiction to consider the merits of Ellis's present motion, and the motion is due to be summarily dismissed.

## II. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that Ellis's motion (Doc. No. 1) be dismissed, because Ellis has failed to obtain the requisite order from the Eleventh Circuit Court of Appeals authorizing this court to consider a successive § 2255 motion.

It is further

ORDERED that the parties shall file any objections to this Recommendation or before June 6, 2016. A party must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered. Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with the provisions of 28 U.S.C. § 636(b)(1) will bar a party from a *de novo* determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of the party to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11th Cir. R. 3-1; *see Stein v. Lanning Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc).

DONE, this 20th day of May, 2016.

/s/Terry F. Moorer
TERRY F. MOORER
UNITED STATES MAGISTRATE JUDGE